

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 12, 1962

Honorable Frank X. Vance
County Attorney
Medina County Courthouse
Hondo, Texas

Opinion No. WW-1377

Re:  Whether an Independent can-
     didate who has failed to
     timely file an affidavit
     as required by Section 3,
     Art. 13.47a, Texas Election
     Code, may have his name
     printed on the General Elec-
     tion ballot.

Dear Mr. Vance:

     You have asked whether or not Independent candidates for
county and precinct offices are entitled to have their names
printed on the General Election ballot, when they have failed
to comply with Section 3, Art. 13.47a, Texas Election Code,
which requires the filing of an affidavit of their intention to
run as Independent candidates with the County Judge on or before
the first Monday in February of election year.

     In your letter you state:

          "All county and precinct officers
          of Medina County, except one precinct,
          run for election as 'independent' can-
          didates in the general election in Nov-
          ember, and have been doing this for
          many years.  This is being done as
          provided in Art. 13.53 of the Election
          Code through a petition of voters
          within 30 days after the primary.

          "Now a question has arisen, as some
          claim that Art. 13.47a (new provision)
          of the Election Code requires that can-
          didates must file their application to
          get their names on the ballot in Feb-
          ruary.  All candidates (independent)
          have filed an application, __but not last__
          __February.__"  /Emphasis added/

     H. B. 239, Chapter 90, page 173, Sec. 1 was enacted by the
57th Legislature at its Regular Session in 1961, and has been
codified as Art. 13.47a, Texas Election Code.  Sections 1 and 2

of Art. 13.47a are applicable to parties which nominate their candidates by convention, and do not concern Independent candidates. Sections 3 and 4 of Art. 13.47a, Texas Election Code, read as follows:

> "Sec. 3. As a condition precedent to having a candidate's name printed on the official ballot under Article 227 /Art. 13.50/ or Article 230 /Art. 13.53/ of this Code, <u>there must, in addition to the requirements of those two (2) Articles, be filed, with the person with whom the</u> written application must, thereunder, be filed, an affidavit, duly acknowledged by the person desiring his name to be placed on the ballot stating his occupation, county of residence, post office address, age, and the office for which he intends to run. <u>The affidavit must be filed at the same time requests under Article 190 /Art. 13.12/ of this Code must be filed.</u> /Emphasis added/

> "Sec. 4. The requirements of Sections 1 and 3 hereof shall not apply to nominees for unexpired terms where the vacancy in office occurred subsequent to the tenth day preceding the deadline for filing as prescribed herein."

Art. 13.12, Election Code, reads in part as follows:

> "...

> "2. Any such request shall be filed ... with the county chairman in case of county and precinct officers; <u>such request shall be filed not later than the first Monday in February preceding such primary,...</u>"
> /Emphasis added/

Articles 13.50 to 13.53, inclusive, Election Code, govern the filing of Independent candidates. Art. 13.50 pertains to Independent candidates for state and district office. Art. 13.51 sets out the oath to the application. Art. 13.52 pertains to the Independent candidate's consent to run. Art. 13.53 states that Independent candidates for county office shall file their

application with the County Judge, accompanied by the petition of voters equal to 5% of all who voted in the county in the last General Election. Precinct offices are not mentioned in Art. 13.53, but <u>Dancy v. Hunt</u>, 294 S.W.2d 159 (Civ.App. 1956, error ref. n.r.e.) holds that Independent candidates for precinct office must present a petition signed by enough voters to be equal to 5% of all who voted in the precinct in the last General Election.

Note that Sec. 3, Art. 13.47a, Election Code, does not affect the procedures laid down in Arts. 13.50 and 13.53. Art. 13.47a states that an affidavit of intention to run, containing certain specified information must be filed "with the person with whom the written application must, thereunder /Arts. 13.50 and 13.53/, be filed," and such affidavit is "in addition to the requirements of those two (2) Articles." After filing the affidavit of intention to run on or before the first Monday in February, the Independent candidate still has until 30 days after the Second Primary under Arts. 13.50 and 13.53 in which to file his petition signed by the required number of voters.

Heretofore, it has been possible for a prospective Independent candidate to wait until both the First and Second Primaries were over in order to determine whether he wanted to face in the General Election one or more party candidates who had been selected in the party primaries. Now, a candidate for office as an Independent candidate must file at the same time party candidates must file. Thereafter, the party candidate makes his race in the primary elections or at the party convention (if his party is not required to hold a primary election), while the Independent candidate goes about rounding up signatures for his petition. In some counties in Texas, it has been the practice for all candidates to run as Independent candidates. The 1962 General Election is the first General Election to be affected by Art. 13.47a, and the effect of this act was not noted by some candidates until it was too late to comply with the provision calling for the affidavit of intention to run to be filed by the first Monday in February. This is unfortunate, but the statute is state-wide in its application, without regard to the practice which has been heretofore followed. Sec. 3, Art. 13.47a states that the filing of the affidavit by the first Monday in February is "a condition precedent to having a candidate's name printed on the official ballot" as an Independent candidate. We hold, therefore, that where the race is to be made for an office, the term of which begins on January 1, 1963, Independent candidates must have filed the affidavit of intention to run required in Sec. 3, Art. 13.47a,

Election Code, on or before the first Monday in February, 1962, in order to have their names printed on the General Election ballot.

Under Sec. 4, Art. 13.47a, Election Code, the requirement for the affidavit, and its timely filing, is not required if the race is to fill an unexpired term, where the vacancy in office (death, resignation or removal from office of the office holder) occurred after the tenth day preceding the first Monday in February. Therefore, if any races in Medina County are for county or precinct office to fill out the unexpired term of an office holder whose term of office does not expire until December 31, 1964, and which office holder died, resigned, or was removed from office, after January 25, 1962, then the requirement in Sec. 3, Art. 13.47a, Election Code, for an affidavit, timely filed, is not applicable.

## S U M M A R Y

Where a county or precinct office is to be filled at the General Election for a full four year term, an Independent candidate must have filed his affidavit of intention to run for such office with the County Judge on or before the first Monday in February of the election year, in order to have his name printed on the General Election ballot, as required by Sec. 3, Art. 13.47a, Election Code. The timely filing of such affidavit is a requirement which is in addition to all other requirements for Independent candidates found in Arts. 13.50 to 13.53, inclusive, Election Code.

Where only an unexpired term of a county or precinct office is to be filled at the General Election, and such vacancy in office occurred subsequent to the tenth day preceding the first Monday in February of the election year, the affidavit referred to in Sec. 3, Art. 13.47a, Election Code, is not required. Sec. 4, Art. 13.47a, Election Code.

Yours very truly,

WILL WILSON
Attorney General of Texas

By

Riley Eugene Fletcher
Assistant

REF:rk

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Gordon Zuber
Frank Booth
Bob Patterson
Pat Bailey

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore